IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SARAH BUNDY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-16-1053-R |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
|     Defendant.[1] | ) |

## REPORT AND RECOMMENDATION

Plaintiff, Sarah Bundy, seeks judicial review of the Social Security Administration's denial of child's insurance benefits (CIB) and supplemental security income (SSI). This matter has been referred by United States District Judge David L. Russell for proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(B) and (C). The Commissioner has filed the Administrative Record (AR), and both parties have briefed their respective positions.[2] For the reasons set forth below, it is recommended that the Commissioner's decision be affirmed.

### I.    Procedural Background

On March 12, 2015, an Administrative Law Judge (ALJ) issued an unfavorable decision finding Plaintiff was not disabled and, therefore not entitled to CIB or SSI. AR 9-20. The Appeals Council denied Plaintiff's request for review on July 7, 2016. AR 1-5. Therefore, the ALJ's decision constitutes the final decision of the Commissioner. *Krauser v. Astrue*, 638 F.3d 1324,

---

[1] Nancy A. Berryhill is the Acting Commissioner of the Social Security Administration and is substituted as the proper Defendant. *See* Fed. R. Civ. P. 25(d).

[2] Citations to the parties' submissions reference the Court's ECF pagination.

1327 (10th Cir. 2011). Plaintiff timely commenced this action for judicial review. *See* Compl. [Doc. No. 1] (filed Sept. 9, 2016).[3]

## II.     The ALJ's Decision

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (explaining process); *see also* 20 C.F.R. § 416.920. The ALJ first determined that Plaintiff had not attained the age of 22 as of November 16, 2012, the alleged onset date, and had not engaged in substantial gainful activity since the onset date. AR 12.[4]

At step two, the ALJ determined that Plaintiff suffers from the following severe impairments: seizure disorder; obesity; and organic brain syndrome. AR 12. At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1. AR 13-15.

The ALJ next determined Plaintiff's residual functional capacity (RFC), concluding that she could perform less than the full range of light work.[5] Specifically, the ALJ found Plaintiff can only do the following:

> [O]ccasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; never climb ropes, ladders, or scaffolds; must avoid exposure to workplace hazards, such as dangerous moving machinery, unprotected heights, open flame, and the operation of any kind of moving vehicle, equipment, or apparatus; understand,

---

[3] The regulations governing judicial review provide that a civil action must be instituted within sixty days after the claimant receives the Appeals Council's notice of denial of request for review and that the date of receipt is "presumed to be 5 days after the date of such notice." 20 C.F.R. § 422.210(c). The Appeals Council's Notice in this action is dated July 7, 2016. AR 1.

[4] Child's benefits are awarded "on the earnings record of an insured person who is entitled to old-age or disability benefits" if the applicant is "18 years old or older and ha[s] a disability that began before [the applicant] became 22 years old." 20 C.F.R. § 404.350.

[5] *See* 20 C.F.R. § 416.967(b) (setting forth requirements for light work).

> remember, and carry out simple, routine, repetitive instructions; cannot be required to read as a part of the job function over the 8th grade level, write over the 4th grade level, and perform mathematics over the 3rd grade level; and have only incidental, superficial work-related type contact with the general public.

AR 15.

At step four, the ALJ determined Plaintiff has no past relevant work. AR 18. At step five, considering Plaintiff's age, education, work experience and RFC, and relying on the testimony of the vocational expert (VE), the ALJ determined other jobs exist that Plaintiff can perform and those jobs exist in significant numbers in the national economy. AR 19-20. Therefore, the ALJ concluded that Plaintiff was not disabled for purposes of the Social Security Act. AR 20.

## III. Claims Presented for Judicial Review

Plaintiff brings the following claims for judicial review: (1) the ALJ erred by failing to include limitations in the RFC for all of the severe impairments; (2) the ALJ erred by relying on only part of the expert testimony; and (3) the ALJ failed to consider all impairments properly.

## IV. Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While

the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

Plaintiff bears the burden of proof at steps one through four of the sequential evaluation process to establish a prima facie case of disability. *Wells v. Colvin*, 727 F.3d 1061, 1064 n. 1 (10th Cir. 2013). If Plaintiff meets this burden, the burden of proof shifts to the Commissioner at step five to show that Plaintiff retains a sufficient RFC to perform other work that exists in significant numbers in the national economy. *Id*.

## V. <u>Analysis</u>

### A. The ALJ Properly Addressed Limitations from Plaintiff's Severe Impairments When Determining Plaintiff's RFC

At step two, the ALJ found Plaintiff suffers from severe impairments including seizures and organic brain disorder. He included specific functional limitations related to those severe impairments in the RFC. Nonetheless, Plaintiff challenges the RFC determination on grounds it does not properly account for all limitations arising from the seizures and organic brain disorder.

#### 1. Limitations Due to Plaintiff's Seizures

Plaintiff claims the ALJ's "step five findings only provide for *precautions* when seizures occur on the job, but, errantly <u>not actual seizures occurring on the job</u>." *See* Pl.'s Brf. at p. 3 (emphasis in original).[6] Plaintiff contends actual seizures "will take [her] off task and stop productivity. *Id*. at p. 2. As part of this claim of error, Plaintiff further contends "[t]he ALJ appears

---

[6] RFC is a step-four determination. Plaintiff appears to have inadvertently referenced step five.

4

to insert credibility as a requirement for the amount of severity [her] seizure's should receive when determining RFC and the limitations included therein." *See id*. at p. 6.[7]

Plaintiff then claims the ALJ did not properly weigh the medical opinions of record. She specifically references the following: (1) her neurologist, Dr. Matthew Ryan, "obviously believed she was having seizures as he did not change her medication"; (2) Sherry Alpert, ARNP included seizures in her diagnosis and treatment of Plaintiff for a period of three years; and (3) the consultative examiner filled out a seizure questionnaire indicating that Plaintiff has headaches after she begins to wake up from a seizure. *See* Pl.'s Brf. at pp. 6-7. Plaintiff also references observations made by Plaintiff's teacher, Dusty Harrison, regarding her seizures. *See id*. at p. 6.

However, in presenting this claim of error, Plaintiff fails to address the findings made by the ALJ with respect to this very evidence. The ALJ noted the "limited supportive medical records" regarding Plaintiff's seizure activity. AR 17. He thoroughly discussed the medical evidence concerning Plaintiff's seizures including the referenced seizure questionnaire, i.e., a Report of Examination for Seizure Disorder by the consultative examiner. AR 18 (*citing* AR 351). As the ALJ addressed, the consultative examiner notes in the Report that Plaintiff is: (1) not sure of the frequency of her seizures; (2) the duration of the seizures might be 1 to 2 minutes and sometimes seconds; (3) symptoms include staring off without responding to anyone or anything, confusion, drowsiness and/or headaches after she beings to wake up. *Id*. Additionally, the ALJ gave great weight to the opinions of the state agency medical consultants who considered Plaintiff's alleged seizures but included no functional limitations due to those seizures. *Id*. (*citing* AR 91-103; 104-116). As the Commissioner points out, the consultative examiners addressed the

---

[7] Plaintiff's argument is disingenuous. The governing regulations expressly provide: "A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, *not only by your statements*." 20 C.F.R. § 416.908 (emphasis added).

observations of Plaintiff's teacher, but based on the record as a whole, opined that Plaintiff could still perform light work. *See* Def.'s Brf. at pp. 16-17 (*citing* AR 71, 74-76, 97, 100-101). Moreover, the Commissioner aptly points out that Plaintiff complained of seizures to her providers only three times: once in March 2011; once in November 2012; and once in October 2014. *See id.* at p. 14 (*citing* AR 292, 336, 357). Therefore, the record fully supports the ALJ's finding discounting additional limitations due to seizures based on "limited supportive medical records."

Significantly, Plaintiff fails to identify any particular functional limitation set forth in the evidence cited by her that would call into doubt the ALJ's RFC finding. *See* Pl.'s Brf. at pp. 7-9. Indeed, Plaintiff cites no medical opinion that finds Plaintiff would be precluded from employment due to seizures occurring on the job or that her work activity would otherwise be limited due to seizures. *Compare Hersch v. Barnhart*, 470 F. Supp. 2d 1281, 1286 (D. Utah 2006) (where medical diagnosis of seizures was based on claimant's subjective allegations and her doctor's speculation, ALJ properly considered other evidence "suggesting her seizures would not be a major impediment to performing certain tasks when determining the effect claimant's alleged seizures had on her ability to work"). Plaintiff fails to demonstrate that the record supports functional limitations due to her seizure disorder not otherwise accounted for in the RFC.[8] Therefore, based on the record presented, Plaintiff's claim of error lacks merit.

---

[8] Plaintiff does not challenge the ALJ's credibility determination. But that determination further supports the RFC. For instance, the ALJ found not credible the testimony of Plaintiff's mother regarding the frequency and effects of Plaintiff's seizures as inconsistent with the medical record:

> Ms. Bundy stated that the claimant has seizures every day. She said the claimant has had two seizures today. One lasted 5-6 seconds, but the other one was longer. She said she can tell the claimant is having a seizure because of the way her eyes move and flutter. . . The claimant's mother stated that the claimant had had 35-40 seizures since Sunday of the current week and the hearing was on Tuesday. She said that was normal. She stated that after the claimant has a seizure, she will tell the claimant and remind her to check if she wet herself. She said the claimant will

Plaintiff also claims the RFC does not adequately account for her severe impairment of organic brain disorder. In support of this claim, Plaintiff cites her own testimony that she: (1) cannot read a newspaper; (2) was held back and attended special education classes throughout her schooling; (3) failed her driver's license permit; (4) never goes anywhere alone; (5) cannot count change; and (6) cannot use an oven or stovetop. *See id.* at p. 5. According to Plaintiff, "[t]hese are activities that include the basic mental requirements necessary to perform any job, even unskilled jobs." *Id.*

Again, however, the ALJ thoroughly addressed Plaintiff's testimony and other evidence of record about the activities in which she engages. AR 14, 16-17. The ALJ made a proper credibility determination when deciding the degree of limitations associated with her organic brain disorder. AR 17-18. The ALJ also gave great weight to the opinions of the state agency consultants who opined that Plaintiff has only mild restrictions in activities of daily living. AR 14, 18; *see also* AR 101, 114. And, the ALJ further found Plaintiff's daily activities include activities demonstrating she is not as limited as alleged. AR 16-18. Plaintiff does not challenge the ALJ's credibility findings and points to no medical evidence that contradicts the limitations set forth in the RFC. This claim of error, therefore, should be denied.

---

> change her clothes 4 times per day. The claimant's mother stated that she will get a migraine after a large seizure. This happened last in June and before that in January. She agreed that this occurred approximately every 6 months.

AR 17.

### B. The ALJ Properly Considered the VE's Testimony

Plaintiff's second claim is that the ALJ erred by relying on "only part of the expert testimony." *See* Pl.'s Brf. at p. 9. Plaintiff points to VE testimony which Plaintiff characterizes as requiring "an accommodated job (not the full range of work or SGA)." *See id*. at p. 10.

The VE testified that a hypothetical person with Plaintiff's RFC and no work experience, would need a job coach or a supportive environment to perform unskilled work. AR 63. When asked by the ALJ what testimony or argument of counsel led the VE to this conclusion, she testified: "[b]asically what appears to me to be a lapse of memory, lapse of concentration and ability to remember from one step to another or what happened earlier today, et cetera." AR 63.

Plaintiff alleges "there is no mention of this critical testimony or such discourse in the decision because that would detract from [the ALJ's] unfavorable decision, which is error." *See* Pl.'s Brf. at p. 10. But contrary to this blatant misrepresentation, the ALJ specifically addressed this testimony:

> As to the vocational expert testimony as to a possible need for a supportive environment or job coach, the undersigned did not find the testimony of the claimant and her mother at hearing upon which the vocational expert based such possible limitation to be credible, as such is not supported by the medical evidence of record or the claimant's reported activities of daily living.

AR 20. The premise of Plaintiff's claim of error, therefore, is not only factually unsupported, *but expressly refuted by the record*.[9] Plaintiff does not challenge the ALJ's credibility assessment in

---

[9] The Commissioner has similarly noted both that the ALJ "*expressly discussed* this testimony and provided his sound reason for rejecting it" and the "misrepresentation of the record" by Plaintiff's counsel, Mr. Mitzner. *See* Def.'s Brf. at p. 20. Currently pending in this Court is a determination on an Order to Show Cause issued to Mr. Mitzner in another case in which he represents a social security claimant. As detailed in the Order to Show Cause, many court filings in this judicial district have referenced Mr. Mitzner's repeated misrepresentations of the record and Mr. Mitzner has been advised numerous times by different judges in this Court of the seriousness of those misrepresentations. *See Gaines v. Berryhill*, No. CIV-15-1251-M (W.D. Okla.) (Order [Doc. No. 21] March 10, 2017). The undersigned has no tolerance for this continued practice and will take

support of rejecting the VE testimony, point to any medical evidence that would conflict with the ALJ's decision or reference daily activities that render the ALJ's findings unsubstantiated. *See Bean v. Chater*, 77 F.3d 1210, 1214 (10th Cir. 1995) ("The ALJ was not required to accept the answer to a hypothetical question that included limitations claimed by plaintiff but not accepted by the ALJ as supported by the record."); *see also Johnson v. Colvin*, 640 F. App'x 770, 776 (10th Cir. 2016) ("The ALJ is required to include in a hypothetical inquiry to the VE all and only those impairments the ALJ properly finds borne out by the evidentiary record.") (*citing Decker v. Chater*, 86 F.3d 953, 955 (10th Cir. 1996)). This Court will not develop arguments on Plaintiff's behalf particularly where, as here, the entire premise of the claim of error is based on a misrepresentation of the record.

Plaintiff also submits to this Court an expert opinion of a vocational expert, Kathy Ulmer Bottroff, dated January 4, 2017, after this action for judicial review was commenced. *See* Bottroff Opinion [Doc. No. 11-1]. The evidence was never presented at the administrative level and, therefore, not considered by the ALJ or the Appeals Council.

Ms. Bottroff opines that "[j]ob placement of persons with recurrent seizures is very difficult." *See id*. at p. 1. She further opines that with respect to entry level or unskilled workers "employers are not willing to have their workplace disrupted by a worker who has a seizure on even an annual basis." *Id*. at p. 2.

Ms. Bottroff also states that "[t]he jobs suggested by the VE cause me concern for a person with seizures." Ms. Bottroff then specifically addresses safety concerns for the jobs identified by the VE and which support the ALJ's step-five findings: (1) riveting machine operator; (2) wire

---

into consideration imposing, or recommending imposition of sanctions, in any cases pending before the undersigned where Mr. Mitzner submits filings after the date of the Order to Show Cause containing misrepresentations of the record.

stripper; and (3) laundry folder. *Id*. And finally, Ms. Bottroff opines that "my labor research shows only less than 1,000 of these types of jobs exist within the nation." *Id*.[10]

This Court, however, cannot consider evidence not presented at the administrative level. *See Cushman v. Berryhill*, No. CIV-15-1184-HE, 2017 WL 1207842 at *2 (W.D. Okla. March 31, 2017) (unpublished op.) ("A district court's review is limited to the record made in the administrative hearing process.") (internal quotation and citations omitted)). Moreover, Plaintiff does not ask the Court to remand on the basis that the opinion of Ms. Bottroff constitutes "new evidence."[11] And the Court declines to make this argument on Plaintiff's behalf. Notably, Plaintiff makes no effort to articulate good cause for not submitting this evidence at the agency level. *Cf. Jones v. Colvin*, 647 F. App'x 878, 884 (10th Cir. 2016) (no good cause shown to justify consideration of 1997 doctor's record where claimant, even after receiving the ALJ's decision, did not submit the doctor's record or any other new evidence to the Appeals Council). In this respect, the Court finds significant that Ms. Bottroff's opinion was provided nearly two years after the ALJ's decision without any explanation as to why the opinion could not have been obtained earlier. A remand, therefore, on the basis of Ms. Bottroff's opinion is not warranted under the particular circumstances of this case.

---

[10] Plaintiff does not raise any claim of error with respect to the ALJ's step-five findings.

[11] A reviewing court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g).

10

## C. The ALJ Properly Considered Plaintiff's Impairments When Determining Plaintiff's RFC

Plaintiff's final claim of error is that "[t]here is no indication the ALJ properly considered the severe and nonsevere impairments when determining RFC." *See* Pl.'s Brf. at p. 14. Plaintiff focuses on two impairments which she characterizes as the "byproducts of seizures" – her "incontinence" and migraine headaches. *Id*.

At step two, the ALJ addressed Plaintiff's allegations of migraine headaches. The ALJ found the headaches were not a medically determinable impairment as the medical records did not show any diagnosis or treatment for migraines. AR 13; *see also* AR 18 (addressing migraines and finding "[t]here is a subjective report of migraines in her past medical history, but no diagnosis and no treatment for migraines").

At step four, the ALJ also discussed Plaintiff's testimony regarding migraines. *See* AR 16 ("The claimant stated that she has migraines after a seizure which feel like pressure on her brain. She said she lies down in a dark room and uses a cold rag on her head and tries to sleep."). *Id*. And, the ALJ discussed the hearing testimony of Plaintiff's mother regarding migraines. AR 17 ("The claimant's mother stated that she will get a migraine after a large seizure. This happened last in June and before that in January. She agreed that this occurred approximately every 6 months."); *see also* AR 56-57. But the ALJ discounted this testimony based on the lack of diagnosis or treatment. AR 18. And Plaintiff fails to point to any other evidence to support functional limitations due to Plaintiff's migraines. *Cf. Boswell v. Astrue*, 450 F. App'x 776, 779 (10th Cir. 2011) (ALJ's decision clearly showed that ALJ considered claimant's headache complaints when formulating RFC where ALJ summarized claimant's hearing testimony regarding headaches and reviewed the medical record related to headaches and their treatment, but pain attributable to headaches did not demonstrate claimant was precluded from substantial gainful

employment). Accordingly, the ALJ was not required to include any limitations in the RFC related to the migraines.

Plaintiff's claim that she suffers from "incontinence" is not supported by the record. As the ALJ noted, one treatment record from October 2014 included a "mention of incontinence" but no diagnosis. AR 13. And a treatment note dated November 15, 2012, by Matthew Ryan, M.D. characterized Plaintiff's reported "incontinence" as a "trickle" and not incontinence. *Id*.; *see also* AR 292 (Dr. Ryan's treatment notes characterizing Plaintiff's incontinence as "trickle and not full on urinary incontinence" and also as "mild dribbling of urine"). The ALJ found incontinence was not a severe impairment at step two because it was not a medically determinable impairment. AR 13.

The ALJ then addressed Plaintiff's subjective complaints regarding "incontinence" at step four. Plaintiff testified that she uses pads because she wets herself during a seizure and that some days she changes her clothes four times as a result. AR 16. The ALJ addressed similar testimony by claimant's mother. AR 17. Again, however, the ALJ found the testimony not credible – a finding not challenged by Plaintiff. Plaintiff points to no evidence that would require a functional limitation in the RFC related to "incontinence" independent of, and not already accommodated by, the limitations associated with her seizure disorder. Thus, Plaintiff's claim of error fails to support grounds for remand.

## VI. Conclusion

In sum, Plaintiff's claims of error lack merit. The ALJ's RFC determination is supported by substantial evidence. Plaintiff fails to demonstrate the ALJ improperly considered any evidence of record or otherwise failed to apply the governing law and regulations correctly. The decision of the Commissioner, therefore, should be affirmed.

## RECOMMENDATION

It is recommended that the Commissioner's decision be affirmed.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objection must be filed with the Clerk of the District Court by May 10, 2017.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 19th day of April, 2017.

BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE